# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| DAMON COST, a minor by his mother and natural guardian NICOLE COST, and NICOLE COST, Individually, | ) ) ) ) |
| Plaintiffs | ) ) |
| v. | ) No. 3:04cv0777 AS ) |
| CVS PHARMACY, INC. | ) ) |
| Defendants | ) |

## *MEMORANDUM OPINION AND ORDER*

Hearing and oral argument was held in this case in South Bend, Indiana on June 22, 2006 with very able counsel present. The complaint in this case was filed on or about December 17, 2004 aft the case had earlier been filed in the St. Joseph Circuit Court in Mishawaka, Indiana as a state court cases. It was removed by the defendant on the basis of diversity or citizenship jurisdiction under 28 U.S.C. §1332. There has been some considerable discovery and indeed there are highly technical questions that have to do with causation. The principal thrust of the complaint is that this pharmacy made a mistake in the issuance of a prescription. That does not seem to be denied, but that falls far from answering the questions. There are serious and complicated issues of causation that <u>may</u> demand the attention of a jury under the Seventh Amendment of the Constitution of the United States. *See* *Latino v. Kaizer*, 58 F.3d 310 (7th Cir. 1995). It may well be that on some of these causation issues the defendant may prevail. The record at this time simply does not support

the idea that the defendant is emitted to judgment as a matter of law at this time under Rule 56 of the Federal Rules of Civil Procedure.

Summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there exists no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c); *Celotex Corp v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Bragg v. Navistar Int'l Trans. Corp.*, 164 F.3d 373 (7th Cir. 1998). *Celotex* addressed the initial burdens of the parties under Rule 56, and *Anderson* addressed the standards under which the record is to be analyzed within the structure of Rule 56.

The initial burden is on the moving party to demonstrate, "with or without supporting affidavits," the absence of a genuine issue of material fact and that judgment as a matter of law should be granted in the moving party's favor. *Celotex*, 477 U.S. at 324 (quoting FED.R.CIV.P. 56); *Larimer v. Dayton Hudson Corp.*, 137 F.3d 497 (7th Cir. 1998). A question of material fact is a question which will be outcome determinative of an issue in the case. The Supreme Court has instructed that the facts material in a specific case shall be determined by the substantive law controlling the given case or issue. *Anderson*, 477 U.S. at 248. Once the moving party has met the initial burden, the opposing party must "go beyond the pleadings" and "designate 'specific facts shows that there is a genuine [material] issue for trial.'" *Id.* The nonmoving party cannot rest on its pleadings, *Weicherding v. Riegel*, 160 F.3d 1139 (7th Cir. 1998); *Waldridge v. American Hoechst Corp.*, 24 F.3d 918

(7th Cir. 1994); nor may that party rely upon conclusory allegations in affidavits. *Smith v. Shawnee Library Sys.*, 60 F.3d 317, 320 (7th Cir. 1995).

During its summary judgment analysis, the court must construe the facts and draw all reasonable inferences in the light most favorable to the nonmoving party. *Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560 (7th Cir. 1996). Furthermore, it is required to analyze summary judgment motions under the standard of proof relevant to the case or issue. *Anderson*, 477 U.S. at 252-55. Applying the above standard, this Court addresses defendant's motion.

For the time being, the defendant's motion for summary judgment is **DENIED** with leave to reconsider at an appropriate time. The record discloses that this case is in the hands of a very excellent mediator, the Honorable Gene R. Duffin, a former judge of the Elkhart Circuit Court with long and in-depth experience in this species of litigation. Given the realities of this factual setting, it would behoove the very excellent lawyers also with considerable experience in this area to again sit down with the mediator and see if this case can be resolved realistically. It is highly recommended that Judge Duffin engage these counsel in deep reality therapy, and that this re-evaluation take place in the immediate future.

**IT IS SO ORDERED**.

**DATED:** June 29, 2006

S/ ALLEN SHARP
**ALLEN SHARP, JUDGE**
**UNITED STATES DISTRICT COURT**

cc: The Honorable Gene R. Duffin
    2300 S. Main St.
    Goshen, IN 46526